MAYER BROWN LLP
Elizabeth Mann (SBN 106524)
*emann@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Lisa M. Ferri (*pro hac vice*)
*lferri@mayerbrown.com*
Brian W. Nolan (*pro hac vice*)
*bnolan@mayerbrown.com*
Richard J. McCormick (*pro hac vice*)
*rmccormick@mayerbrown.com*
Scott A. McMurry (*pro hac vice*)
*smcmurry@mayerbrown.com*
1221 Avenue of Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Attorneys for Plaintiff
GENZYME CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GENZYME CORPORATION,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>GENENTECH, INC. and CITY OF HOPE,<br><br>    Defendants/Counterclaim Plaintiffs. | Case No. 2:15-cv-09991-GW-AGR<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM**<br><br>Courtroom: 10 - Spring Street Floor<br>Judge:     Hon. George H. Wu<br><br>Complaint Filed: December 30, 2015 |

Plaintiff Genzyme Corporation ("Genzyme") hereby answers the Counterclaim of Genentech, Inc. ("Genentech") and City of Hope (collectively, "Defendants") made in Genentech, Inc. and City of Hope's Answer and Counterclaim to Genzyme's First Amended Complaint (the "Counterclaim"). Genzyme responds to the Counterclaim in accordance with the numbered paragraphs thereof, as follows:

## COUNTERCLAIM ANSWER

## PARTIES

54. Genzyme admits that Genentech purports to be a corporation organized under the laws of Delaware, with a principal place of business in South San Francisco, California, and purports to be registered to do business, and is doing business, inside California.

55. Genzyme admits that City of Hope purports to be a California not-for-profit organization with its principal place of business in Duarte, California.

56. Genzyme admits the allegations of Paragraph 56 of the Counterclaim.

## JURISDICTION AND VENUE

57. Genzyme admits that Defendants purport to bring this action under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and that jurisdiction is based in part upon 28 U.S.C. § 1338(a). Genzyme denies the remaining allegations in Paragraph 57.

58. Genzyme admits that, for the purposes of this lawsuit only, this Court has specific personal jurisdiction over Genzyme. Genzyme denies the remaining allegations in Paragraph 58.

59. Genzyme admits that it markets and sells products, including Lemtrada®, in the state of California and in this District. Genzyme denies the remaining allegations in Paragraph 59.

60. Genzyme admits that on November 14, 2014, Genzyme received approval from the FDA to market Lemtrada® (alemtuzumab) in the United States

for treating certain patients with relapsing forms of MS.  Genzyme further admits that Genzyme began to commercialize Lemtrada® in the United States immediately thereafter.  Genzyme further admits that, for the purpose of this lawsuit only, this Court has specific personal jurisdiction over Genzyme. Genzyme denies the remaining allegations in Paragraph 60.

61. Genzyme admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(2). Genzyme denies the remaining allegations in Paragraph 61.

## THE CABILLY III PATENT

62. Genzyme admits that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,923,221 (the "Cabilly III patent"), titled "Methods of Making Antibody Heavy and Light Chains Having Specificity for a Desired Antigen," on April 12, 2011. Genzyme lacks sufficient information to form a belief about the truth of the remaining allegations in Paragraph 62 of the Counterclaim. Accordingly, pursuant to Fed. R. Civ. P. 8(b)(5), Genzyme denies the remaining allegations in Paragraph 62.

63. Genzyme lacks sufficient information to form a belief about the truth of the allegations in Paragraph 63 of the Counterclaim. Accordingly, pursuant to Fed. R. Civ. P. 8(b)(5), Genzyme denies the allegations in Paragraph 63.

64. Genzyme admits the allegations in Paragraph 64.

## LEMTRADA® (ALEMTUZUMAB)

65. Genzyme admits that Lemtrada® is a recombinant, genetically engineered humanized monoclonal antibody targeting CD52.  Genzyme further admits that Lemtrada® is approved in the United States for treating relapsing forms of MS in certain patients.  Genzyme denies the remaining allegations in Paragraph 65.

66. Genzyme admits that on March 31, 2003, ILEX entered into a non-exclusive license to the Cabilly patents with Genentech regarding Campath® (alemtuzumab) (the "Cabilly license"). Genzyme denies the remaining allegations

in Paragraph 66.

67. Genzyme admits the allegations in Paragraph 67.

68. Genzyme admits that it has paid Genentech royalties under the Cabilly license on sales of alemtuzumab as Campath® and Lemtrada®. Genzyme further admits that it stopped commercializing Campath® on September 4, 2012, and that the FDA approved Lemtrada® for treating relapsing forms of MS in certain patients in the United States on November 14, 2014. Genzyme denies the remaining allegations in Paragraph 68.

69. Genzyme admits that it began to commercialize Lemtrada® in the United States immediately after the date that the FDA approved the Biologics License Application for Lemtrada®. Genzyme denies the remaining allegations in Paragraph 69.

70. Genzyme admits the allegations in Paragraph 70.

71. Genzyme admits that alemtuzumab is produced in mammalian cell (Chinese hamster ovary) suspension culture. Genzyme denies the remaining allegations in Paragraph 71.

## COUNT I
## INFRINGEMENT OF THE CABILLY III PATENT

72. Genzyme incorporates the allegations and responses thereto in Paragraphs 54-71 as if fully set forth herein.

73. Genzyme denies the allegations in Paragraph 73.

74. Genzyme denies the allegations in Paragraph 74.

75. Genzyme denies the allegations in Paragraph 75.

76. Genzyme denies the allegations in Paragraph 76.

## PRAYER FOR RELIEF

Genzyme denies that Genentech and City of Hope are entitled to the relief requested or any other relief.

WHEREFORE, Genzyme prays that Defendants take nothing on their Counterclaims and that the Court enter judgment:

    a)     Declaring the Cabilly III patent invalid;

    b)     Declaring that the manufacture, use, sale, offer for sale, or importation of Lemtrada® (alemtuzumab) does not infringe any valid claim of the Cabilly III patent;

    c)     Enjoining Defendants from enforcing any invalid or non-infringed claim of the Cabilly III patent against Genzyme;

    d)     Awarding Genzyme its costs and attorney's fees; and

    e)     Awarding Genzyme such other relief as the Court deems just and proper.

Dated: March 14, 2016

MAYER BROWN LLP
ELIZABETH MANN
LISA M. FERRI
BRIAN W. NOLAN
RICHARD J. MCCORMICK
SCOTT MCMURRY


By: */s/ Elizabeth Mann*
    Elizabeth Mann
Attorneys for Plaintiff
GENZYME CORPORATION