1   DURIE TANGRI LLP
    DARALYN J. DURIE (SBN 169825)
2   ddurie@durietangri.com
    ADAM R. BRAUSA (SBN 298754)
3   abrausa@durietangri.com
    217 Leidesdorff Street
4   San Francisco, CA  94111
    Telephone:  415-362-6666
5   Facsimile:   415-236-6300

6   WILMER CUTLER PICKERING HALE AND DORR LLP
    Christopher T. Casamassima (SBN 211280)
7   chris.casamassima@wilmerhale.com
    350 South Grand Avenue, Suite 2100
8   Los Angeles, CA 90071
    Telephone:  213-443-5374
9   Facsimile:   213-443-5400

10  Attorneys for Defendants
    GENENTECH, INC. and CITY OF HOPE
11

12  *Additional Counsel Listed on Following Page*

13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                      WESTERN DIVISION

| | |
|---|---|
| 16  GENZYME CORPORATION, | Case No. 2:15-cv-09991-GW-AGR |
| 17                  Plaintiff, | **GENENTECH, INC. AND CITY OF HOPE'S ANSWER AND FIRST AMENDED COUNTERCLAIMS AGAINST GENZYME CORP.** |
| 18          v. | |
| 19  GENENTECH, INC., and CITY OF HOPE | **JURY TRIAL DEMANDED** |
| 20  | Ctrm:  10, Spring Street Floor |
| 21                  Defendants. | Judge: George H. Wu |
| 22  GENENTECH, INC., and CITY OF HOPE, | |
| 23                  Counter-Plaintiffs, | |
| 24          v. | |
| 25  GENZYME CORPORATION | |
| 26  | |
| 27                  Counter-Defendant. | |
| 28  | |

WILMER CUTLER PICKERING HALE AND DORR LLP
Robert J Gunther, Jr (*Pro Hac Vice*)
Robert.Gunther@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:   212-230-8830
Facsimile:   212-230-8888

WILMER CUTLER PICKERING HALE AND DORR LLP
David L Cavanaugh (*Pro Hac Vice*)
david.cavanaugh@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:   202-663-6025
Facsimile:   202-663-6363

WILMER CUTLER PICKERING HALE AND DORR LLP
Kevin S Prussia (*Pro Hac Vice*)
kevin.prussia@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone:   617-526-6243
Facsimile:   617-526-5000

Defendants Genentech, Inc. and City of Hope (collectively "Defendants") hereby file this Answer and First Amended Counterclaims, responding to the First Amended Complaint (the "FAC") filed by Genzyme Corporation ("Genzyme") on February 4, 2016 as follows:

<u>**ANSWER**</u>

**NATURE OF THE CASE**

1.      Genentech and City of Hope admit that Genzyme purports to seek a declaration in this action relating to U.S. Patent No. 7,923,221, the application for which was filed on April 13, 1995 and issued on April 12, 2011, but deny that Genzyme is entitled to the relief requested.  Genentech and City of Hope deny the remaining allegations in Paragraph 1 of the FAC.

2.      Genentech and City of Hope admit the allegations of Paragraph 2 of the FAC.

3.      Genentech and City of Hope admit the allegations of Paragraph 3 of the FAC.

4.      Genentech and City of Hope admit that Genzyme has brought an action seeking declaratory relief relating to the Cabilly III patent, but deny the remaining allegations of Paragraph 4 of the FAC.

5.      Genentech and City of Hope admit that they have previously asserted claims of infringement of the Cabilly II and Cabilly III patents.    Genentech and City of Hope admit that Genentech is developing its own antibody product (ocrelizumab) for the treatment of certain patients with relapsing MS, for which it anticipates seeking FDA approval in 2016.   Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of Genzyme's allegations that other companies' antibody products were produced using recombinant methods similar to the recombinant methods used by Genzyme to make Lemtrada® and, on that basis, deny this allegation.  Genentech and City of Hope deny the remaining allegations in Paragraph 5 of the FAC.

6.      Genentech and City of Hope admit that a real, immediate, and substantial

dispute exists between the parties concerning the Cabilly III patent, for which Genzyme seeks declaratory relief, but deny any remaining allegations in Paragraph 6 of the FAC.

## THE PARTIES

7.     Genentech and City of Hope admit that Genzyme Corporation purports to be a Massachusetts corporation with a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

8.     Genentech and City of Hope admit the allegations in Paragraph 8 of the FAC.

9.     Genentech and City of Hope admit the allegations in Paragraph 9 of the FAC.

10.     Genentech and City of Hope admit the allegations in Paragraph 10 of the FAC.

## JURISDICTION AND VENUE

11.     Genentech and City of Hope admit that Genzyme purports to seek a declaration in this action relating to the Cabilly III patent under the Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  Genentech and City of Hope further admit that jurisdiction is allegedly based upon 28 U.S.C. §§ 1331 and 1338(a).  Genentech and City of Hope deny the remaining allegations in Paragraph 11 of the FAC.

12.     Genentech and City of Hope admit that, for purposes of this lawsuit only, this Court has personal jurisdiction over Genentech and City of Hope.  Genentech and City of Hope deny the remaining allegations in Paragraph 12 of the FAC.

13.     Genentech and City of Hope admit that venue is proper in this District pursuant to 28 U.S. § 1391 because Genentech and City of Hope admit that this Court had personal jurisdiction over Genentech and City of Hope for the purposes of this action at the time this action was made.

## INTRADISTRICT ASSIGNMENT

14.     Genentech and City of Hope deny that a response to this section is required, but admit that this action is properly assigned to the Western Division.

## GENZYME'S LEMTRADA® (ALEMTUZUMAB) PRODUCT

15.     Genentech and City of Hope admit that Lemtrada® (alemtuzumab) purports to be a monoclonal antibody that targets CD52 and it is FDA-approved for treating relapsing MS in certain patients.  Genentech and City of Hope also admit that MS is a chronic inflammatory disease of the central nervous system that disrupts the communication between the brain, spinal cord, and other areas of the body, which can result in irreversible nerve deterioration and debilitation.  Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the FAC and, on that basis, deny those allegations.

16.     Genentech and City of Hope admit that Campath® (alemtuzumab) received FDA approval on May 7, 2001 for the treatment of patients with B-cell chronic lymphocytic leukemia and who had been treated with alkylating agents and failed fludarabine therapy.  Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the FAC and, on that basis, deny those allegations.

17.     Genentech and City of Hope admit that Lemtrada® (alemtuzumab) received FDA approval on November 14, 2014 for treating certain patients with relapsing forms of MS.  Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the FAC and, on that basis, deny those allegations.

18.     Genentech and City of Hope admit that on March 31, 2003, ILEX Pharmaceuticals LP entered into a non-exclusive license to the Cabilly patents covering certain antibody products and that Genzyme became a licensee to the Cabilly patents for those same antibody products after it acquired ILEX in 2004.  Genentech and City of Hope deny any remaining allegations in Paragraph 18 of the FAC.

19.     Genentech and City of Hope admit Genzyme has paid them royalties based under the Cabilly patents for sales of Campath® and Lemtrada®.  Genentech and City of Hope further admit that on September 4, 2012, Genzyme purportedly discontinued

commercialization of Campath® and does not pay Genentech any licensing fees under the Cabilly patents for Campath®.  Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the FAC and, on that basis, deny those allegations.

20.    Genentech and City of Hope admit that Genzyme asserts that it owes no royalties to Defendants for Lemtrada® under the Cabilly patents, but deny that Genzyme's assertion is correct and further deny any allegation that the Cabilly III patent is invalid and/or not infringed by the manufacturing, sale, importation, use, or marketing of Lemtrada®.

## THE CABILLY PATENTS

21.    Genentech and City of Hope admit the allegations in Paragraph 21 of the FAC.

22.    Genentech and City of Hope admit that at the time the Cabilly I Patent issued, the Cabilly Applicants had a continuation application (the "Cabilly II application") pending in the PTO.  Genentech and City of Hope admit that, per standard PTO practice, claims were copied from the Boss Patent into the Cabilly II application in order to provoke the PTO to initiate an interference proceeding.  Genentech and City of Hope deny the remaining allegations in Paragraph 22 of the FAC.

23.    Genentech and City of Hope admit that on February 28, 1991, the PTO declared a patent interference between certain claims pending in the Cabilly II application corresponding to the interference and all of the issued claims of the Boss patent. Genentech and City of Hope further admit that on August 13, 1998, the Board of Patent Appeals and Interferences entered judgment in favor of Boss.  Genentech and City of Hope further admit that the quoted text appears in the Board's decision, and that the decision speaks for itself.  Genentech and City of Hope deny the remaining allegations in Paragraph 23 of the FAC.

24.    Genentech and City of Hope admit that in October 1998, Genentech filed Civil Action No. 3:1998-cv-3926 against Celltech, the owner of the Boss patent, in the

Northern District of California, pursuant to 35 U.S.C. § 146.  Genentech and City of Hope further admit that in March 2001, the parties to that action filed documents titled "Notice of Settlement and Joint Request for Entry of Settlement Instruments" and "Proposed Order Regarding Resolution of Interference."  Genentech and City of Hope admit that the Proposed Order, states in-part that "Genentech is entitled . . . to priority over Celltech" and that these documents speak for themselves.  Genentech and City of Hope also admit that, under the settlement and license agreements with Celltech, Genentech owed royalties to Celltech for certain products, and that Celltech received a license to the Cabilly patents.  Genentech and City of Hope deny the remaining allegations in Paragraph 24 of the FAC.

25.     Genentech and City of Hope admit the allegations in paragraph 25 of the FAC.

26.     Genentech and City of Hope admit that the Boss patent was set to expire in 2006.  Genentech and City of Hope further admit that the Cabilly II and Cabilly III patents expire in 2018.  Genentech and City of Hope deny the remaining allegations in Paragraph 26 of the FAC.

**GENZYME'S DISPUTE WITH GENENTECH REGARDING**
**THE CABILLY III PATENT**

27.     Genentech and City of Hope admit that the Cabilly patents have been the subject of multiple litigations and licenses.  Genentech and City of Hope deny the remaining allegations in Paragraph 27 of the FAC.

28.     Genentech and City of Hope admit that the quoted text in Paragraph 28 of the FAC was attributed to Sean Johnston, then Genentech's Vice President of Intellectual Property and now Genentech's Senior Vice President and General Counsel, in the cited 2002 Nature Biotechnology article.  Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the FAC and, on that basis, deny those allegations.

29.     Genentech and City of Hope admit that the quoted text in Paragraph 29 of the FAC appears in the cited 2009 Press Release.  Genentech and City of Hope deny the

remaining allegations of Paragraph 29 of the FAC.

30.     Genentech and City of Hope admit that they believe that certain activities related to Lemtrada® (alemtuzumab) infringe one or more claims of the Cabilly III patent. Genentech further admits that Lemtrada® (alemtuzumab) purports to be made by recombinant DNA techniques and that the Cabilly II and Cabilly III patents have been asserted in litigation against other companies that manufacture recombinant antibodies. Genentech and City of Hope deny the remaining allegations of Paragraph 30 of the FAC.

31.     Genentech and City of Hope admit that they have asserted infringement of the Cabilly III patent against Sanofi/Regeneron, BMS, Eli Lilly and GSK.  Genentech further admits that it commenced litigation against GSK for infringement of the Cabilly III patent on April 12, 2011, which is when the Cabilly III patent issued.  Genentech and City of Hope further admit that they have not previously disputed that an actual case or controversy exists in any declaratory judgment actions involving the Cabilly III patent. Genentech and City of Hope admit that, on information and belief, Lemtrada® (alemtuzumab) is produced using recombinant methods, but they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the FAC and, on that basis, deny those allegations.

32.     Genentech and City of Hope admit that they have asserted the Cabilly II patent against MedImmune, Centocor, BMS, GSK, and Eli Lilly.  Genentech and City of Hope lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the FAC and, on that basis, deny those allegations.

33.     Genentech and City of Hope admit that the quoted text in Paragraph 33 of the FAC, without added emphasis, appears in Genentech's Form 10-K filing for 2008, filed February 20, 2009.  Genentech and City of Hope deny the remaining allegations in Paragraph 33 of the FAC.

34.     Genentech and City of Hope admit that Genentech has received royalties based on license agreements that cover the Cabilly patents, including royalties paid by

Genzyme.  Genentech and City of Hope further admit that by June 4, 2008, Genentech entered into at least 35 licenses granting rights to the Cabilly II patent, some of which included rights to the Cabilly I patent as well.  Genentech and City of Hope deny the remaining allegations in Paragraph 34 of the FAC.

35.     Genentech and City of Hope admit that a real and immediate dispute exists between the parties concerning the Cabilly III patent.  Genentech and City of Hope deny the remaining allegations in Paragraph 35 of the FAC.

## FIRST CAUSE OF ACTION
## PATENT INVALIDITY

36.     Genentech and City of Hope incorporate the responses to Paragraphs 1 through 35 as fully set forth herein.

37.     Genentech and City of Hope admit that an actual and substantial controversy has arisen and now exists between the parties concerning the validity of the Cabilly III patent.

38.     Genentech and City of Hope deny the allegations in Paragraph 38 of the FAC.

39.     Genentech and City of Hope deny the allegations in Paragraph 39 of the FAC.

40.     Genentech and City of Hope deny the allegations in Paragraph 40 of the FAC.

41.     Genentech and City of Hope admit that Genzyme seeks the relief described in Paragraph 41 of the FAC, but deny that Genzyme is entitled to the relief sought.

## SECOND CAUSE OF ACTION
## NON-INFRINGEMENT

42.     Genentech and City of Hope incorporate the responses to Paragraphs 1 through 41 as fully set forth herein.

43.     Genentech and City of Hope admit that an actual controversy has arisen and now exists between the parties concerning whether Genzyme's manufacture, use,

7

importation, offer for sale, or sale of Lemtrada® (alemtuzumab) infringes any claim of the Cabilly III patent.  Genentech and City of Hope deny the remaining allegations in Paragraph 43 of the FAC.

44.     Genentech and City of Hope admit that Genzyme seeks the relief described in Paragraph 44 of the FAC, but deny that Plaintiffs are entitled to the relief sought.

### THIRD CAUSE OF ACTION

### GENZYME OWES NO ROYALTIES

45.     Genentech and City of Hope incorporate the responses to Paragraphs 1 through 44 as fully set forth herein.

46.     Genentech and City of Hope deny the allegations in Paragraph 46 of the FAC.

47.     Genentech and City of Hope admit that Genzyme seeks the relief described in Paragraph 47 of the FAC, but deny that Plaintiffs are entitled to the relief sought.

### PRAYER FOR RELIEF

48.     Genentech and City of Hope deny that Genzyme entitled to the relief requested or any other relief.

### GENENTECH AND CITY OF HOPE'S ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

49.     Genzyme's claims are barred, in whole or in part, as Genzyme has failed to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE
### (Laches)

50.     Genzyme's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD ADDITIONAL DEFENSE
### (Estoppel)

51.     Genzyme's claims are barred, in whole or in part, by the doctrine of estoppel.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

52.    Genentech and City of Hope expressly reserve the right to assert and pursue additional defenses.

## DEMAND FOR JURY TRIAL ON DEFENSES AND ISSUES

53.    Genentech and City of Hope demand trial by jury on all defenses and issues triable by jury.

## FIRST AMENDED COUNTERCLAIMS

For their first amended counterclaims against Genzyme, Genentech and City of Hope allege as follows:

## THE PARTIES

54.    Counter-Plaintiff Genentech, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in South San Francisco, California. Genentech is registered to do business and is doing business inside California.

55.    Counter-Plaintiff City of Hope is a California not-for-profit organization with its principal place of business in Duarte, California.

56.    On information and belief, Counter-Defendant Genzyme Corporation is a Massachusetts corporation with a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

## JURISDICTION AND VENUE

57.    This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is therefore properly based on Title 35 of the United States Code, § 271, and Title 28 of the United States Code, § 1338(a).

58.    This Court has personal jurisdiction over Counter-Defendant Genzyme by virtue of, *inter alia*, its having conducted business inside the State of California, having subjecting themselves to the jurisdiction of the courts in California by filing this action, having availed themselves of the rights and benefits of California law, and having systematic and continuous contacts with the state of California.

59.    Genzyme continuously and systematically markets and sells its products,

including Lemtrada® (alemtuzumab), in the state of California and this District.

60.    On November 14, 2014, Genzyme received FDA approval to market and sell Lemtrada® (alemtuzumab) for treating certain patients with relapsing forms of MS.  On information and belief, shortly thereafter Genzyme begin to commercialize Lemtrada® in the United States, including in the state of California and the Central District of California, by offering Lemtrada® for sale, selling Lemtrada® and filling orders for Lemtrada®.  On information and belief, Genzyme introduces Lemtrada® into the stream of commerce in the United States knowing that Lemtrada® will be sold in the State of California.  By virtue of these activities, this Court has personal jurisdiction over Genzyme.

61.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## THE CABILLY III PATENT

62.    On April 12, 2011, the PTO issued U.S. Patent No. 7,923,221 (the "Cabilly III patent"), entitled "Methods of Making Antibody Heavy and Light Chains Having Specificity for a Desired Antigen."  A true and correct copy of the Cabilly III patent is attached hereto as Exhibit A.

63.    Genentech and City of Hope are the co-owners by assignment of the right, title, and interest in the Cabilly III patent.

64.    On information and belief, Genzyme has known of the Cabilly III patent since its issuance.

## LEMTRADA® (ALEMTUZUMAB)

65.    On information and belief, Lemtrada® (alemtuzumab) is a recombinantly-engineered humanized monoclonal antibody that targets CD52.  Lemtrada® is FDA-approved for treating relapsing MS in certain patients.

66.    On March 31, 2003, ILEX Pharmaceuticals LP entered into an agreement with Genentech under which it received, *inter alia,* a non-exclusive license to the Cabilly Patents to make, have made, use, sell, offer for sale, and import products which, but for

the license, would infringe one or more claims of the Cabilly Patents (the "ILEX License").

67.    Genzyme acquired ILEX in 2004.

68.    Since acquiring ILEX in 2004, Genzyme has paid Genentech royalties under the ILEX License for its Campath® (alemtuzumab) or Lemtrada® (alemtuzumab) products.  On information and belief, Genzyme stopped commercializing Campath® on September 4, 2012, and on November 14, 2014, the FDA approved Lemtrada® for treating relapsing MS in certain patients.

69.    Genzyme began marketing, distributing and/or selling Lemtrada® in the United States, including in the state of California, on or about November 14, 2014, the date that the FDA approved the Biologics License Application for Lemtrada®.

70.    Genzyme paid Genentech royalties under the ILEX License for Lemtrada® through and including the third quarter of the calendar year for 2015.  Genzyme did not make any royalty payments to Genentech for sales of Lemtrada® during the fourth quarter of 2015 (payment was due March 15, 2016) and, on information and belief, Genzyme is not planning to make any royalty payment for Lemtrada® sales during the first quarter of 2016 (payment is due June 14, 2016).

71.    On information and belief, Genzyme currently manufactures, offers for sale, and/or sells Lemtrada® in the United States.

72.    On information and belief, Genzyme has made and makes and/or has used and uses recombinant host cells in the manufacture of Lemtrada®.

## COUNT I
## INFRINGEMENT OF THE CABILLY III PATENT

73.    Genentech and City of Hope incorporate the allegations in Paragraphs 54-72 as if fully set forth herein.

74.    By manufacturing, marketing, distributing, offering for sale and/or selling Lemtrada® in the United States, and/or importing Lemtrada® into the United States, Genzyme has infringed, is infringing, and/or will infringe, one or more claims of the

Cabilly III patent, literally and/or under the doctrine of equivalents.

75.    Genzyme's infringement has caused and/or will cause damage to Genentech and City of Hope, and Genentech and City of Hope are entitled to recover from Genzyme the damages sustained by Genentech and City of Hope as a result of Genzyme's wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty.

76.    Genzyme's infringement has caused and/or will cause Genentech and City of Hope to suffer irreparable harm for which there is no adequate remedy at law.  This harm will continue unless and until Genzyme's infringement is enjoined by this Court.

77.    Despite its knowledge of the Cabilly III patent and its knowledge that there is an objectively high likelihood that its actions constitute infringement of the Cabilly III patent, Genzyme has infringed and will continue to infringe the Cabilly III patent by manufacturing, marketing, distributing, offering for sale and/or selling Lemtrada® in the United States, and/or importing Lemtrada® into the United States.  Accordingly, Genzyme's infringement has been and/or will continue to be willful.

## COUNT II
## BREACH OF CONTRACT

78.    Genentech and City of Hope incorporate the allegations in Paragraphs 54-77 as if fully set forth herein.

79.    The ILEX License, under which Genzyme is now obligated as a result of its purchase of ILEX, is a valid and binding contract between Genentech and Genzyme.

80.    Genzyme materially breached the ILEX License by failing to pay contractually-required royalties on sales of Lemtrada®.

81.    Genentech performed all of its obligations under the ILEX License and did not excuse Genzyme's breach of the ILEX License.

82.    As a result of Genzyme's breach, Genentech has suffered actual and substantial damages, including the royalties owed under the contract.

# PRAYER FOR RELIEF

WHEREFORE, Genentech and City of Hope request that judgment be entered in favor of Genentech and City of Hope on Counts I and II against Counter-Defendant Genzyme:

1.      Finding that Genzyme has infringed the Cabilly III patent;

2.      Finding that Genzyme will in the future infringe the Cabilly III patent;

3.      Finding that Genzyme's infringement of the Cabilly III patent has been willful and deliberate;

4.      Finding that Genzyme has materially breached the ILEX License;

5.      Ordering Genzyme to account for and pay to Genentech and City of Hope all damages caused by their infringement of the Cabilly III patent;

6.      Ordering Genzyme to pay increased damages, up to treble damages, to Genentech and City of Hope because of the willful nature of their infringement of the Cabilly III patent;

7.      Ordering Genzyme to account for an pay to Genentech all damages caused by Genzyme's material breach of the ILEX License;

8.      Ordering that this case be declared an exceptional case under 35 U.S.C. § 285 and that Genentech and City of Hope be awarded their attorney's fees in this action;

9.      Ordering an award of Genentech and City of Hope's costs and expenses for this action, pre- and post-judgment interest on any money damages award, and other charges to the maximum extent permitted;

10.     Ordering a permanent injunction prohibiting Genzyme, as well as their officers, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations and other business entities, and all other persons or entities acting in concert, participation or in privity with it, and its successors and assigns from infringing the Cabilly III patent; and

11.     Ordering such other relief, including future relief, as the Court deems just and proper under the circumstances.

1

## **JURY TRIAL DEMAND**

2        12.    Pursuant to Federal Rule of Civil Procedure 38, Genentech and City of Hope

3   demand trial by jury of all issues so triable.

4

5   Dated:  June 9, 2016                           DURIE TANGRI LLP

6

7                                  By:           */s/ Adam R. Brausa*
                                            ADAM R. BRAUSA

8

                               Attorneys for Defendants

9                             GENENTECH, INC. and
                             CITY OF HOPE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GENENTECH, INC. AND CITY OF HOPE'S ANSWER AND FIRST AMENDED
COUNTERCLAIMS / CASE NO. 2:15-CV-05685-GW-AGR

1

## CERTIFICATE OF SERVICE

2

3

I certify that all counsel of record is being served on June 9, 2016 with a copy of this document via the Court's CM/ECF system.

4

Elizabeth Mann
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248
emann@mayerbrown.com

*Attorneys for Plaintiff*
*Genzyme Corp.*

Lisa Ferri
Brian Nolan
Richard McCormick
MAYER BROWN LLP
1221 Avenue of Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
lferri@mayerbrown.com
bnolan@mayerbrown.com
rmccormick@mayerbrown.com

*Attorneys for Plaintiff*
*Genzyme Corp.*

5

6

7

8

9

10

11

12

13

14

15

                                               */s/ Adam R. Brausa*
                                        ADAM R. BRAUSA

16

17

18

19

20

21

22

23

24

25

26

27

28

GENENTECH, INC. AND CITY OF HOPE'S ANSWER AND FIRST AMENDED
COUNTERCLAIMS / CASE NO. 2:15-CV-05685-GW-AGR